Case 05-02253   Filed 10/05/05   Doc 21



FILED

OCT - 5 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re ) Case No. 04-29793-C-7
)
BASSEL M. BAROUDI, )
)
      Debtor. )
_____)
)
TAMER MAMOU, ) Adv. Proc. No. 05-02253
)
      Plaintiff, )
)
v. )
)
BASSEL M. BAROUDI, )
)
      Defendants. )
_____)

**MEMORANDUM DECISION DENYING MOTION
FOR SUMMARY JUDGMENT**

On August 26, 2005, plaintiff filed a motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56 as incorporated by Federal Rule of Bankruptcy Procedure 7056, in which it asserted that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. On September 19, 2005, defendant's counsel filed a response to plaintiff's motion requesting a continuance.

A hearing on the motion was scheduled for September 27, 2005. Upon review of the record, the court determined that the

written record was adequate and that oral argument was not necessary.

Plaintiff's summary judgment motion is predicated upon an arbitration award rendered in his favor against defendant. Plaintiff contends that the arbitration award is entitled to preclusive effect under the doctrines of res judicata ("claim preclusion" and "issue preclusion"). In support of his motion, plaintiff submitted a copy of the arbitration award entered on November 13, 2003, which states the following: plaintiff is to recover $30,000 for money fraudulently retained; $3,500 for interest to date; and $30,000 for punitive damages

The court may grant a motion for summary judgment if there is no genuine issue as to a material fact and the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(c), as incorporated by Federal Rule of Bankruptcy Procedure 7056; Anderson v. Liberty Lobby, 477 U.S. 242 (1986).

"Under the Full Faith and Credit Act, 28 U.S.C. § 523(a), the preclusive effect of a state court judgment in a subsequent bankruptcy proceeding is determined by the preclusion law of the state in which the judgment was issued." Harmon v. Kobrin (In re Harmon), 250 F. 3d 1240, 1245 (9th Cir. 2001). In California, issue preclusion (formerly collateral estoppel) precludes relitigation of issues argued and decided in prior proceedings, if certain threshold requirements are met, including: (1) the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding; (2) this issue must have been actually litigated in the former proceeding; (3) it must have been necessarily decided in the former proceeding; (4) the

2

decision in the former proceeding must be final and on the merits, and (5) the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding." Id.

Plaintiff's requests for summary judgment has at least two independently fatal flaws. First, the motion and exhibits do not include a copy of the complaint filed in state court. As a consequence, the court cannot determine whether the issue sought to be precluded from relitigation is identical to that decided in a former proceeding. In re Harmon, 250 F. 3d at 1245.

Second, the arbitration award merely states that plaintiff is to recover a certain sum for money fraudulently retained. However, there are no factual findings and legal conclusions concerning defendant's allegedly fraudulent actions. Therefore, the court cannot determine whether or not the fraud case was "actually litigated" from an arbitration award that only lists a certain sum.

Based on the above analysis, the plaintiff has not shown that there is no genuine issue of material fact regarding the defendant's fraud. Accordingly, the plaintiff is not entitled to judgment as a matter of law.

IT IS SO ORDERED.

Dated: October 5, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

3

**CERTIFICATE OF SERVICE**

        On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

David J. Heaslett
Attorney at Law
P.O. Box 340
Graeagle, CA  96103

Michael F. Burkart
Chapter 7 Trustee
5150 Fair Oaks Blvd., #101-185
Carmichael, CA  95608

Thomas Joyce
Carol Joyce
P.O. Box 307
Graeagle, CA 96103

John M. O'Donnell, Esq.
1420 River Park Drive, Suite 210
Sacramento, CA  95815

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA  95814

Dated: 10/11/05  *[signature]*
_____
Deputy Clerk